IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>ANDRES SANCHEZ-ORTEGA<br>a/k/a "Lolo Sánchez"<br>a/k/a "Charlie Sánchez-Hernández"<br>a/k/a "Juan Miguel Moronta"<br>Defendant | CRIMINAL 06-0016CCC |

## O R D E R

Before the Court is the Sentencing Memorandum Requesting a Below-Guidelines Sentence Under the Factors Enumerated in 18 U.S.C. §3553(A) filed by defendant Andrés Sánchez-Ortega on January 17, 2007 (**docket entry 53**), where he moves for a departure and/or variance from the applicable advisory guideline sentencing range based on two different arguments.  While acknowledging that under the Guidelines his base offense level is 8 pursuant to U.S.S.G. §2L1.2(a), he notes that said base offense level is equally applicable to all aliens convicted for illegal reentry without considering the difference in time span between their initial deportation and the illegal reentry.  As he reentered the country seven (7) years after being deported, he claims that his sentence should be lower than that of an illegal alien that reenters immediately after being deported.  Although defendant's argument is original, and would probably deserve consideration in a more drastic factual scenario--for example, if the reentry took place after a <u>substantial</u> period of time had elapsed from the prior entry and the defendant's deportation did not result from a conviction for a crime--that is not the situation here.  We are persuaded in this case that the seven (7) year passing of time from the prior illegal reentry to the latest illegal reentry is not an appropriate ground for a downward departure/variance given that defendant's prior deportation was due to his conviction for a drug trafficking crime.  Simply put, illegal aliens who engage in drug trafficking (or any other crime for that matter), are deported after being convicted, and reenter the country illegally, should

not receive a more lenient sentence merely because they waited years to return. Accordingly, defendant's request for a departure/variance based on the time elapsed between his initial deportation and the illegal reentry is DENIED.

Defendant's second argument in support of a departure/variance is based on an alleged over-representation of his criminal history. Defendant has a prior federal conviction for drug-trafficking under 21 U.S.C. §§841(a)(1), 846 and 860 for which he received a sentence of 40 months of imprisonment, and was awarded 3 criminal history points resulting in a Criminal History Category of II. He avers, however, that as he received a sentence 20 months lower than the statutory minimum term of 60 months applicable to a federal drug trafficking offense under 21 U.S.C. §841(b)(1)(B)(viii), his prior criminal history must be considered to be less serious than that of a defendant previously convicted for a federal drug trafficking offense that has received the statutory minimum sentence and, thus, he should be classified in a lower criminal history category. While a review of the details of defendant's prior federal conviction contained in his Pre-Sentence Report (docket entry 54) shows that he was held responsible for the distribution of more that 700 grams but less than 1 kilogram of heroin, an amount which would serve to trigger the statutory minimum term of 60 months, defendant could have benefitted from the safety valve provisions and that would explain his sentence below the statutory minimum term. In any event, that defendant received a sentence below the applicable statutory minimum is irrelevant--he was still convicted for a federal drug trafficking crime and his Criminal History Category of II adequately represents the seriousness of said prior criminal conviction. Thus, defendant's request for a departure/variance based on the over-representation of his criminal history is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on January 29, 2007.

S/CARMEN CONSUELO CEREZO
United States District Judge